Maximo PENA

v.

Aleida FORT.

No. 2008–282–Appeal.

Supreme Court of Rhode Island.

Feb. 18, 2011.

Maximo Pena.

Aleida Fort.

## ORDER

The plaintiff, Maximo Pena, appeals *pro se* from the issuance by the Superior Court for Providence County of a mutual restraining order binding upon both parties. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of the parties and reviewing the documents submitted by the plaintiff, we are of the opinion that cause has not been shown. For the reasons set forth in this order, we deny the appeal and affirm the order of the Superior Court.

On October 6, 2008, plaintiff filed a civil complaint in the Superior Court, in which he alleged that defendant, Aleida Fort, had physically assaulted him. Mr. Pena alleged that she had punched and scratched him and that he had "defend[ed]" himself with an umbrella. In his complaint, he requested that defendant "be arrested provisionally until the case comes to court and she pays for the damage she has done." The court issued a temporary restraining order that day whereby defendant was ordered to refrain from "interfering with, molesting, harassing, threatening, annoying or contacting the plaintiff in any manner * * *." The matter was assigned for a hearing on a motion for preliminary injunction on October 14, 2008.

Both parties appeared and testified at the October 14 hearing. The defendant testified that she and plaintiff were neighbors in the same apartment building, and she added that plaintiff had hit her and that she had hit him in return. The plaintiff, for his part, stated that defendant had attacked him, that he had photographs in his possession showing his injuries, and that he wanted to pursue criminal charges against defendant. The hearing justice ordered that a mutual restraining order be issued with respect to both parties; she also advised that, if the parties wished to pursue further charges related to the altercation, they should file complaints with the police.

On October 16, 2008, plaintiff filed a timely notice of appeal, and on July 17, 2009 he submitted to this Court a handwritten document explaining his appellate contentions. In that document, plaintiff argues, *inter alia*, that the hearing justice should have considered the photographs that he had brought to the hearing, which photographs he asserts show his injuries that allegedly were inflicted by defendant.*

This Court has stated that, "[w]hen reviewing the findings of a hearing justice sitting without a jury in a civil matter, it is

* On appeal, plaintiff also argues, as he did at the Superior Court hearing, that the case should have been classified as a criminal case and that criminal charges for aggravated assault should have been brought against defendant. The hearing justice correctly observed that the only issue before her was the motion for injunctive relief and that the question of whether or not criminal charges should be brought against defendant would be a matter for the police department.

well settled that this Court will not disturb those findings 'unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence * * *.'" *Thibaudeau v. Thibaudeau*, 947 A.2d 243, 246 (R.I.2008) (quoting *Notarantonio v. Notarantonio*, 941 A.2d 138, 144 (R.I.2008)). Further, if upon review "the record indicates that competent evidence supports the [hearing] justice's findings, we shall not substitute our view of the evidence for his [or hers] even though a contrary conclusion could have been reached." *Imperial Casualty and Indemnity Co. v. Bellini*, 888 A.2d 957, 961 (R.I.2005) (internal quotation marks omitted).

In the instant case, we perceive no clear error in the finding of the hearing justice that a mutual restraining order was warranted, nor did the hearing justice misconceive or overlook material evidence in reaching this conclusion. In issuing the order, the hearing justice relied on competent evidence—*viz.*, the statements made by both of the parties indicating that each party had used physical force against the other. Having reviewed the evidence in the record, we are not persuaded that the hearing justice would have reached a different conclusion even if she had viewed the photographs of the plaintiff's alleged injuries.

For the foregoing reasons, the plaintiff's appeal is denied. The papers in this case may be returned to the Superior Court.